SCHWARTZ, ALAN R., Associate Judge
(specially concurring).
I concur in the judgment and the opinion of the court, but desire to add an additional observation or two.
The essential basis of the bank’s claim as to the defendant’s “unjust enrichment” is the claim that by mistakenly discharging in part Parker’s debt to the judgment-creditor-garnishor, it has automatically pro tan-to “enriched” him. This contention is made even though the bank did not inform Parker concerning the garnishment, and permitted him unknowingly to deposit funds, even some borrowed from the bank itself, into those accounts, and thus effected — through the garnishment — Parker’s paying the judgment creditor rather than those whom, by writing checks, he demonstrated his desire to pay, presumably in order to maintain his business.
While the bank’s position has some purely logical force, it seems to me that, under these circumstances, it runs afoul of what we know is a rule of present-day life and therefore should be a rule of present-day *737 law; that is, that faced with a multitude of competing debts, one should have the freedom, to the extent legally possible, himself to determine the priority of their payment. By interfering with that freedom, the bank brought itself within the spirit, if not the precise application, of the rule stated in Restatement, Restitution, § 140:
“A person may be prevented from obtaining restitution for a benefit because of his criminal or other wrongful conduct in connection with the transaction on which the claim is based.” [emphasis supplied]